# EXHIBIT A

Justin M. Day (#249822017)
**BRANDON J. BRODERICK LLC**
1090 King Georges Post Road
Suite 103
Edison, NJ 08837
(201) 853-1505
*Attorneys for Plaintiff, Jeffery Ogbeide*

| | | |
|---|---|---|
| JEFFERY OGBEIDE,<br><br>Plaintiff,<br><br>v.<br><br>C.H. ROBINSON OPERATIONS, INC., and RUSSELL CARR,<br><br>Defendant(s). | : : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY<br><br>LAW DIVISION<br><br>DOCKET NO.<br><br>*Civil Action*<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Jeffery Ogbeide ("Plaintiff"), through the undersigned counsel, Brandon J. Broderick, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendants C.H. Robinson Operations, Inc., and Russell Carr (collectively "Defendants"), and alleges as follows:

<u>FACTS</u>

A.     **Jurisdiction and Venue**

1.     Plaintiff resides in Orange, New Jersey.

2.     Defendant C.H. Robinson Operations, Inc., ("Defendant C.H. Robinson") is a corporation doing business at 14701 Charlson Road, Eden Prairie, Minnesota 55347 and which maintains an agent for service of process c/o Corporation Service Company, Princeton South Corporate Center, Suite 160 at 100 Charles Ewing Blvd, Ewing, Mercer County, New Jersey

1

08628.

3. Defendant Russell Carr ("Defendant Carr") is, upon information and belief, a resident of New Jersey. At all relevant times, Defendant Carr directly supervised Plaintiff and possessed the authority to set the terms and conditions of Plaintiff's employment, including the power to determine Plaintiff's working hours and direct Plaintiff's daily work activities.

**B.      Plaintiff's Employment, Disability, and Termination.**

4. Plaintiff was employed by Defendant C.H. Robinson as a Global Forwarding Agent from January 3, 2022, until his unlawful termination on or about October 5, 2023, at Defendant's Newark, New Jersey forwarding branch.

5. During his employment, Plaintiff had a strong record of performance.

6. Plaintiff suffers from an anatomical condition where his stomach is abnormally positioned, which leads to severe acid reflux.

7. Specifically, after consuming meals, Plaintiff experiences chest pains and often vomits.

8. After completing his training, Defendants employed Plaintiff on a "hybrid work model" where he was required to go into the office every Wednesday for a year.

9. Plaintiff was able to complete all his work during the period in which he was working remotely four days a week.

10. In 2023, Defendant C.H. Robinson started pressing employees for a two-day office presence every week, which would require Plaintiff to come into the office on Tuesdays and Wednesdays.

11. Given his condition, Plaintiff often required the flexibility to work from home to manage his symptoms effectively.

12. Plaintiff informed his manager, Defendant Carr, that he has a medical condition that makes it difficult for him to come to the office for work.

2

13. Plaintiff requested the ability to continue work from home, where he was able to complete all his tasks, to better handle his medical symptoms.

14. Defendants refused to accommodate him.

15. Because he was not being accommodated, Plaintiff used several PTO days because, due to his disability, he was unable to attend work in the office.

16. On October 5, 2023, Defendant Carr called Plaintiff and informed him of his termination.

17. Defendant Carr stated that "we don't think this job is for you."

18. Plaintiff's access to the company system was immediately revoked.

## COUNT I

### LAD Disability Discrimination - Defendant C.H. Robinson

19. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs

20. Plaintiff is or was disabled.

21. Plaintiff had been satisfactorily performing his essential job functions or could have done so with reasonable accommodation.

22. Defendant terminated Plaintiff because of a disability.

23. Defendant's termination of Plaintiff's employment constitutes an adverse employment action.

24. Defendant's actions constitute discrimination on the basis of Plaintiff's disability that violates the LAD, N.J.S.A. 10:5-1, *et seq*.

25. Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

3

26.     As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestation of emotional distress, and emotional distress.

## COUNT II

**LAD Failure to Accommodate Disability / Interactive Process - Defendant C.H. Robinson**

27.     Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs.

28.     Plaintiff is or was disabled.

29.     Plaintiff had been satisfactorily performing his essential job functions or could have done so with reasonable accommodation.

30.     Defendant was aware of Plaintiff's disability and was made aware of Plaintiff's requested accommodation.

31.     Defendant did not make a good faith effort to assist Plaintiff in seeking accommodation.

32.     Defendant refused to provide Plaintiff with reasonable accommodation and instead terminated his employment.

33.     Defendant's actions constitute a failure to accommodate Plaintiff's disability and a failure to engage in the interactive process in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

34.     Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

35.     As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestation of emotional distress, and emotional distress.

4

## COUNT III

### LAD Retaliation – Defendant C.H. Robinson

36.     Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs.

37.     At all times, Plaintiff performed at a level that met Defendants' legitimate expectations.

38.     In requesting accommodation, Plaintiff exercised rights under the New Jersey Law Against Discrimination.

39.     After exercising those rights, Defendant retaliated against Plaintiff through termination.

40.     Defendants' termination of Plaintiff constitutes an adverse employment action.

41.     Defendants' conduct was especially egregious and done with the knowledge and participation and or reckless indifference of upper-level management.

42.     As a result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: front pay, back pay, emotional distress, embarrassment, humiliation, and other damages.

## COUNT IV

### LAD Aiding and Abetting - Defendant Carr

43.     Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs.

44.     Defendant Carr knowingly provided substantial assistance and/or encouragement to the violations of the Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

45.     Defendant Carr is liable for aiding and abetting the unlawful discrimination in violation of the Law Against Discrimination, N.J.S.A. 10:5-12(e).

5

46.     As a result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: lost back pay, lost front pay, emotional distress, embarrassment, humiliation, and other damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury as to all issues in the above matter.

**DESIGNATION OF TRIAL COUNSEL**

Justin M. Day is hereby designated as trial counsel pursuant to *R*. 4:25-4.

**CERTIFICATION PURSUANT TO *R*.4:5-1**

I certify that the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding and that no such action or arbitration proceeding is contemplated.  To plaintiffs' knowledge no other party should be joined in this action.


DATED:      December 22, 2023

                                                **BRANDON J. BRODERICK, LLC**

                                                */s/ Justin M. Day*
                                                Justin M. Day, Esq.
                                                Attorney for Plaintiff

6

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-008343-23

**Case Caption:** OGBEIDE JEFFERY  VS C.H. ROBINSON OPERAT IONS, IN

**Case Initiation Date:** 12/22/2023

**Attorney Name:** JUSTIN M DAY

**Firm Name:** BRANDON J. BRODERICK, ESQ. LLC

**Address:** 65 EAST ROUTE 4 1ST FL

RIVER EDGE NJ 07661

**Phone:** 2018531505

**Name of Party:** PLAINTIFF : OGBEIDE, JEFFERY

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: JEFFERY OGBEIDE? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/22/2023

Dated

/s/ JUSTIN M DAY

Signed

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    DECEMBER 22, 2023
                    RE:      OGBEIDE JEFFERY  VS C.H. ROBINSON OPERAT IONS, IN
                    DOCKET:  ESX L -008343 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ANNETTE SCOCA

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (973) 776-9300 EXT 57184.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: JUSTIN M. DAY
                              BRANDON J. BRODERICK, ESQ. LLC
                              65 EAST ROUTE 4 1ST FL
                              RIVER EDGE       NJ 07661

ECOURTS

## AFFIDAVIT OF SERVICE

| Case:<br>ESX-L-8343-23 | Court:<br>SUPERIOR | County:<br>ESSEX, NJ | Job:<br>10226398 (OGBEIDE) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>JEFFERY OGBEIDE | | Defendant / Respondent:<br>C.H. ROBINSON OPERATIONS, INC. | |
| Received by:<br>4D AGENCY LLC | | For:<br>BRANDON J. BRODERICK | |
| To be served upon:<br>C.H.ROBINSON OPERATIONS, INC. | | | |

I, Greg Duke, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  JOHNNIE MYERS, 100 Charles Ewing Boulevard, Ewing, NJ 08628

**Manner of Service:**  Corporation, Jan 16, 2024, 1:35 pm EST

**Documents:**  Summons and Complaint CIS, Track Assignment, Notice to Produce, and Interrogatories

**Additional Comments:**

1) Successful Attempt: Jan 16, 2024, 1:35 pm EST at 100 Charles Ewing Boulevard, Ewing, NJ 08628 received by JOHNNIE MYERS. Age: 40-45; Ethnicity: African American; Gender: Male; Weight: 180; Height: 5'10"; Hair: Bald; Relationship: INTAKE SPECIALIST;

_____     1-16-24
Greg Duke                          Date

4D AGENCY LLC
67 MONROE AVE
ROSELAND, NJ 07068
973-216-1005

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public
1-16-24
Date

Commission Expires
DENISE DUKE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 6/14/2028